584 So.2d 230 (1991)
I.H., a child, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 90-279.
District Court of Appeal of Florida, Fifth District.
August 22, 1991.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Appellant appeals his adjudication of delinquency for robbery[1] and commitment to the Department of Health and Rehabilitative Services. We affirm the trial court's order of adjudication but reverse the trial court's order of commitment and remand this matter for a proper dispositional hearing pursuant to section 39.09(3)(c) of the Florida Statutes (1989).
Section 39.09(3)(c)4 provides that, before the trial court determines and announces the disposition to be imposed, the court shall give all parties at the hearing an opportunity to comment on the issue of disposition and any proposed rehabilitation plan. Those parties include, if present, the child's parents and counsel. The trial court refused to allow the appellant and his mother to address the court before it determined and announced its disposition in this matter. This refusal constituted error. T.H. v. State, 573 So.2d 1090, 1091 (Fla. 5th DCA 1991).
*231 However, we reject appellant's claim that the trial court failed to comply with section 39.09(3)(e). Section 39.09(3)(e) requires the trial court to include specific findings or reasons for the decision to adjudicate and commit a child to the Department. Here, the trial court stated that the commitment was required because "this is a violent offense." This statement complies with the statute.
The state filed a cross-appeal in this matter challenging an evidentiary ruling issued by the trial court. Because we affirm the trial court's order of adjudication, review of this issue is unnecessary.
Adjudication AFFIRMED; commitment REVERSED; cause REMANDED.
HARRIS, GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] § 812.13(2)(c), Fla. Stat. (1989).